IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN HILLARD and <br><br> CRUEL RUNE LLC, <br><br> Plaintiffs, <br> v. <br><br> THE J.R.R. TOLKIEN ESTATE LIMITED <br> Defendant. | § § § § § § § § § § § Cause No. 1:cv-11-129 <br><br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT

Now Come Plaintiffs Stephen Hillard ("Hillard") and Cruel Rune LLC, ("Cruel Rune") filing this Complaint for Declaratory Judgment against Defendant The J.R.R. Tolkien Estate Limited ("Estate"), and would show the Court as follows:

PARTIES

1.   Plaintiff Stephen Hillard is a resident of Travis County, Texas.

2.   Plaintiff Cruel Rune LLC is a limited liability company organized under the laws of the State of Texas.  Cruel Rune's principal address is 54 Rainey Street #1204, Austin, Travis County, Texas.

3.   Defendant The J.R.R. Tolkien Estate Limited is private limited company organized under the laws of the United Kingdom with a registered office at 9400 Garsington Road, Oxford Business Park, Oxford, OX4 2HN.  In addition to the Estate continuously and systematically conducting business in Texas, the causes of action against the Estate arose from or are connected with the Estate's purposeful acts committed in Texas, including the Estate's assertion of its property rights over a book written by Hillard and published by Cruel Rune LLC, by

1

transmission of a cease and desist letter, demand of the destruction of all copies of the book, and demand to pay damages allegedly caused to the Estate. The Estate engages in business in but does not maintain a regular place of business in Texas or the United States. Thus, service is proper on the Estate pursuant to the Hague Convention. Per the Hague Convention of November 15, 1965, service is proper by transmission in duplicate the Hague Convention Request Form under authority of the Western District of Texas, Citation, and Complaint to the Central Authority at the High Court in London, England, U.K. Service is proper by transmission to:

> Senior Master of the Supreme Court
> Queen's Bench Division
> Royal Courts of Justice
> Strand London WC2A 2LL, England, U.K.

## JURISDICTION AND VENUE

4.  This case is a suit for a declaratory judgment under 28 U.S.C. § 2201 and 2202 and TEX. CIV. PRAC. & REM. § 37.001, *et seq.*

5.  This Court has jurisdiction over this action under 28 U.S.C. § 1332 as a dispute in an amount over $75,000 between citizens of Texas and citizens of a foreign state. This Court further has jurisdiction over this action under federal question jurisdiction under 28 U.S.C. § 1331. This Court further has jurisdiction over this action under 28 U.S.C. § 1338 relating to mask works, designs, trademarks and unfair competition. This Court has personal jurisdiction over the Estate because of the Estate's contacts with this jurisdiction. The Estate has continuous and systematic contacts with this forum, including continuously and systematically selling or causing to be sold in Travis County and the Western District of Texas books authored by, at least, J.R.R. Tolkien. Venue is proper under 28 U.S.C. § 1391(b)(2) because on or about January 25, 2011, the Estate transmitted via mail a cease and desist letter directed to Stephen Hillard at

his address in Travis County, Texas, demanding, among other things, to destroy all copies of a book he authored and pay the Estate damages and attorney's fees.

## FACTS

6. Plaintiff Stephen Hillard is the author of the novel Mirkwood, A Novel About J.R.R. Tolkien, ("Mirkwood" or "the Novel") published by Cruel Rune. The Novel is copyrighted 2010. All rights in Mirkwood have been assigned from Hillard to Cruel Rune.

7. The Estate, on information and belief, has the right to enforce intellectual property rights originally belonging to J.R.R. Tolkien, author, deceased.

8. Mirkwood is both a work of fiction and a critical analysis of the works of J.R.R. Tolkien ("Tolkien"), author of The Hobbit and The Lord of the Rings series, among others. As stated in the Acknowledgements section of the Novel:

> This novel, in addition to being a work of fiction, is also an exercise in literary criticism. It focuses in part on the role of heroines, echoing the sentiment captured by Marion Zimmer Bradley in her excellent review of Tolkien: "The books are, in fact, almost womanless." *Men, Halflings, and Hero Worship* (1961)

9. Mirkwood recounts the story of six characters. Five of the characters are fictional. The sixth is J.R.R. Tolkien. The story told therein largely takes place from 1970 through near-present day in the United States, and is entirely fictional as noted on the title page.

> This is a work of fiction. Names, characters, businesses, organizations, places, events, and incidents are either the product of the author's imagination or are used fictitiously. Any resemblance to actual persons, living or dead, events or locales, save those allowed by fair use, is entirely coincidental.

10. Mirkwood is approximately four-hundred fifty pages. Tolkien is only quoted one time in the Novel, shown here in its entirety.

> These creatures live to me as I am creating them. Twere I to finish, they would become wooden, lacking in life. Thus, the tale must go on. It is, after all, one belonging to all who would but participate and find its first steps, beside a secret gate.
>
> -- J.R.R. Tolkien, *Letters*

11. The Novel is but one of innumerous fictional works that contain fictional accounts involving real people. Others include <u>Blonde</u> (with Marilyn Monroe as a character), <u>The Hours</u> (Virginia Woolf), <u>Libra</u> (Lee Harvey Oswald), and <u>Underworld</u> (Jackie Gleason, J Edgar Hoover, and Frank Sinatra). In fact, <u>Mirkwood</u> is not the first work of fiction to include J.R.R. Tolkien – it is preceded by <u>Here There Be Dragons</u> and <u>Looking for the King – An Inklings Novel</u>.

12. <u>Mirkwood</u>'s cover art depicts a scene of multiple trees dominated by a single tree illuminated by rays of light towering over three unidentified characters seen from behind. The font used on the cover for the words "Steve Hillard" and "A Novel About JRR Tolkien" are standard fonts available in modern word processing programs. The word "Mirkwood" is comprised of standard fonts for M, R, and O. I, K, W, O, and D are of a nonstandard font not taken from any J.R.R. Tolkien work. The cover and spine of the Novel identify Hillard as the author. The subtitle of the Novel identifies J.R.R. Tolkien as the subject, not the author, of the book. A copy of the cover of <u>Mirkwood</u> is included as Exhibit A.

13. After <u>Mirkwood</u> was made available for purchase, the Estate mailed a "cease and desist" letter dated January 25, 2011 to Stephen Hillard threatening immediate legal action. The Estate alleged that it had a property right to commercially exploit the name and likeness of J.R.R. Tolkien, and such right had not been transferred to Hillard. The Estate also alleged that the cover art and typefaces were similar to J.R.R. Tolkien's work to a degree giving rise to a cause of action for unfair competition. The letter demanded that Plaintiff cease publishing the Novel,

destroy all copies of the Novel, execute an affidavit of revenues from sales of the Novel, pay damages and attorney's fees, and stop all alleged infringement of intellectual property rights. The letter further threatened that if Hillard did not comply, the Estate's "US attorneys will be instructed to commence the appropriate legal proceedings." A copy of the cease and desist letter is attached as Exhibit B.

## CAUSE OF ACTION: DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201(A) AND TEX. CIV. PRAC. & REM. § 37.001

14.     Plaintiffs repeat and incorporate as though fully set forth herein each and every allegation in the above paragraphs.

15.     A real and actual controversy exists between Hillard, Cruel Rune and the Estate that would be terminated by the granting of a declaratory judgment.

16.     The Estate claims that it holds the rights of publicity to exclude others from the use of the name and personality of J.R.R. Tolkien in a fictional novel, and those rights include the right to preclude Hillard from authoring and Cruel Rune from publishing Mirkwood. The Estate claims that the artwork of Mirkwood "resembles the style of the cover art, typefaces and overall get-up" of J.R.R. Tolkien's work to a degree that gives rise to an action for unfair competition.

17.     Cruel Rune contends that the Estate's assertion of the rights of publicity and threatened action for unfair competition are precluded by the First Amendment the United States Constitution; by United States law including the common law and statutory fair use doctrine, 17 U.S.C. § 107; by Texas law including TEX. PROP. § 26.012(a)(1) ("PERMITTED USES. (a) A person may use a deceased individual's name . . . in . . . a . . . book."); by the existence in the public domain of the elements claimed protected; that rights asserted are unprotectable scenes a faire, and such causes are not otherwise actionable on the facts of this case.

18.     Plaintiffs have no adequate remedy at law.

19. Plaintiffs therefore request that declaratory judgment be entered as follows:

   a. A declaration that Hillard's authorship and Cruel Rune's publication and exploitation of rights in and to Mirkwood has not in any way violated Texas Property Code Ch. 26, or in any way infringed the copyright of the Estate, or any person or entity owning the rights to the works of J.R.R. Tolkien or otherwise violated the rights of the Estate under United Kingdom or United States law; and

   b. The cover, type-face, use of J.R.R. Tolkien's name and appearance of <u>Mirkwood</u> do not give rise to an action for unfair competition or passing off under United Kingdom or United States Law.

## ATTORNEY'S FEES AND COSTS

20. Plaintiff prays for all attorney's fees and costs recoverable, including under TEX. CIV. PRAC. & REM. § 37.009.